# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MAQUEL NADIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01634-TWP-CSW |
| | ) |
| ROWLEY SECURITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON PLAINTIFF'S MOTION TO DISMISS, MOTION TO RECONSIDER, MOTION TO REISSUE SUMMONS, AND MOTION REQUESTING COPIES

This matter is before the Court on *pro se* Plaintiff Maquel Nadir's ("Plaintiff") Motion for Default Judgment (Dkt. 29), Motion to Reconsider (Dkt. 29), Motion to Reissue Summons (Dkt. 31), and Motion Requesting Copies (Dkt. 38). The Motion for Default Judgment and Motion to Reconsider are **denied**, the Motion to Reissue Summons is **granted,** and the Motion Requesting Copies is **denied** with leave to refile.

### I.   BACKGROUND

Plaintiff initiated this action on March 16, 2023, by filing a Complaint against Defendant Rowley Security ("Rowley") and several individual defendants in the United States District Court for the Northern District of Illinois (Dkt. 1). Plaintiff also moved to proceed *in forma pauperis* (Dkt. 4). In its Entry dated July 11, 2023, the Northern District of Illinois granted Plaintiff's request to proceed *in forma pauperis*, screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissed the claims against the individual defendants, and directed the issuance of process to Defendant Rowley Security ("Rowley") in the manner specified by Federal Rule of Civil Procedure 4(d) (Dkt. 11).

The July 11, 2023 Entry also set a status hearing for August 16, 2023. *Id.* The record shows that both Plaintiff and Rowley, by corporate representative, attended the August 16, 2023, status conference, even though counsel for Rowley had not entered an appearance. During the status conference, parties confirmed that the events at issue took place in the Southern District of Indiana and, as of the date of the status conference, all parties resided in the Southern District of Indiana. The Illinois court therefore stated it intended to transfer this action to this District and instructed the parties to notify the court as to their position on transfer (Dkt. 17). Plaintiff indicated he supported transfer (Dkt. 20). Rowley did not file a response.

On August 22, 2023, Plaintiff filed a document titled Motion to Hold Rowley Security Accountable for Unauthorized Practice of Law and Motion to Rule in Favor of The Plaintiff with Default Judgment Against Rowley Security Firm ("Motion to Hold Accountable") (Dkt. 19). In the motion, Plaintiff alleged that Rowley committed the unauthorized practice of law by failing to hire an attorney to defend itself in this action. *Id.* at 2. Though the disposition of Plaintiff's Motion to Hold Accountable is unclear from the record, it was apparently denied, as Plaintiff has now moved for reconsideration of that denial (Dkt. 29).

On September 11, 2023, this action was transferred to this Court (Dkt. 23). On September 12, 2023, Plaintiff filed his Motion Requesting Copies, which states only "Motion to receive a copy of all my documents, including digital documents" (Dkt. 28). Then on September 29, 2023, Plaintiff filed a combined "Motion for Default Judgment Due to Rowley Security's Inability to Secure Legal Counsel" and "Motion to Reconsider Denied Motion to Hold Rowley Security Accountable for Unauthorized Practice of Law" (Dkt. 29). On September 29, 2023, the Plaintiff filed his Motion to Reissue Summons to Rowley.

2

## II.  DISCUSSION

The Court will address the Motion for Default Judgment, Motion to Reissue Summons, Motion to Reconsider, and Motion Requesting Copies in turn.

### A.  Motion for Default Judgment

Plaintiff argues the Court should enter a default judgment against Rowley because Rowley has (1) failed to obtain legal counsel; and (2) failed to timely respond to the Complaint (Dkt. 29 at 1). First, Rowley is not yet required to obtain legal counsel. As a corporation, Rowley may not represent itself in this action[1], however, Rowley is not required to appear in this action until and unless Rowley is properly served with process—even if Rowley already knows about the lawsuit. To date, Rowley has not been served with process, so it is not yet required to obtain or appear by legal counsel. Further, there is no requirement that Rowley obtain legal counsel for purposes of corresponding directly with Plaintiff.

Second, because Rowley has not yet been served with process, Rowley is not yet in default. In his Motion to Reconsider, Plaintiff states that it is his understanding that "if Rowley Security Firm does not first respond to the complaint within sixty days, they are accepting default judgment." *Id.* Plaintiff's argument confuses the deadline for responding to a Notice of Lawsuit and Request to Waive Service of a Summons (a "Notice and Waiver") and the deadline to respond to a complaint after service of process.

Pursuant to Federal Rule of Civil Procedure 4(d), "a[n] individual, corporation, or association that is subject to service . . . has a duty to avoid unnecessary expenses of serving the summons," so the plaintiff (or the Court where, like here, the plaintiff is proceeding *in forma pauperis*) may therefore send the defendant a Notice and Waiver requesting that the defendant

---

[1] A corporation may appear in federal courts only through licensed counsel. (*See Rowland v. California Men's Colony,* 506 U.S. 194 (1993)).

waive service of the summons. A defendant who receives a Notice and Waiver is given sixty days to sign and return it. Fed. R. Civ. P. 4(d)(1)(F). If the defendant timely returns the Notice and Waiver, then that defendant need not answer the complaint until sixty days after the Notice and Waiver was sent. If the defendant fails to timely return the Notice and Waiver, then the defendant may be served with the summons and must answer the Complaint within the time provided by Federal Rule of Civil Procedure 12(a).

Here, Plaintiff appears to argue that because Rowley did not return a signed Notice and Waiver within sixty days, Rowley is in default, but that is not the case. Assuming a Notice and Waiver was sent to Rowley in July 2023, Rowley's failure to timely return the Notice and Waiver does not place Rowley in default. Rather, it only authorizes the Court to direct formal service of the summons on Rowley.

Because Rowley has not yet been served with process, Plaintiff's Motion for Default Judgment is **denied as premature**.

B. **Motion to Reissue Summons**

Plaintiff also moves the Court to reissue the summons to Rowley, stating that "for some unknown reason . . . the US Marshal did not execute the summons" after the summons was issued by the Northern District of Illinois, possibly because of the intervening transfer to this Court (Dkt. 31). The Northern District of Illinois issued a summons to Rowley on July 11, 2023. As of today's date, a Notice and Waiver has not been executed or returned to the Court by Rowley. The Court therefore agrees with Plaintiff that service on Rowley should be reissued.

However, because the record does not clearly show whether a Notice and Waiver was previously sent to Rowley, the Court finds that the Notice and Waiver should be resent—and Rowley should be given time to sign and return that Notice and Waiver—before the Court directs formal service of process on Rowley. The Court therefore **grants** Plaintiff's Motion to Reissue

Summons to the extent that the Court will direct the reissuance of the Notice and Waiver pursuant to Rule 4(d). If Rowley fails to timely return a signed Notice and Waiver, then the Court may direct service of the summons on Rowley.

**C.     Motion to Reconsider**

Plaintiff next asks the Court to reconsider the denial of its motion to hold Rowley accountable for the unauthorized practice of law. Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used where the Court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

As explained above, Rowley has not yet been served with process, so it is not yet required to appear in this action or defend against it, and it is therefore not yet required to obtain legal counsel. Rowley has not attempted to represent itself in this action, so Rowley has not committed the unauthorized practice of law. Plaintiff has identified no manifest error in the Norther District of Illinois' denial of Plaintiff's original motion to sanction Rowley for the alleged unauthorized practice of law. Plaintiff's Motion to Reconsider is therefore **denied**.

**D.     Motion Requesting Copies**

Lastly, Plaintiff asks the Court for "a copy of all my documents, including digital documents" (Dkt. 28). Plaintiff's motion does not provide enough specificity to allow the Court to determine what documents Plaintiff would like to receive copies of. Plaintiff's Motion

Requesting Copies is therefore **denied**, but Plaintiff will be granted leave to refile his Motion with a list of the specific documents he is requesting. Plaintiff may request a copy by using the Court's Copy Request Form, available on the Court's public website here:

https://www.insd.uscourts.gov/sites/insd/files/forms/CopyRequestForm%206.27.2023.pdf.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **DENIED as premature**, and Plaintiff's Motion to Reissue Summons is **GRANTED**. The Clerk is **designated** pursuant to Rule 4(c)(3) to reissue process to Defendant Rowley Security at the below address in the manner specified by Rule 4(d). Process shall consist of the Complaint (Filing No. 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), the Northern District of Illinois's July 11, 2023 Entry (Filing No. 11), and this Entry.

Further, Plaintiff's Motion to Reconsider is **DENIED**, and Plaintiff's Motion Requesting Copies is **DENIED with leave to refile** within **thirty (30) days of this Entry**. If Plaintiff chooses to refile his Motion Requesting Copies, the motion must contain a list of the specific documents Plaintiff is requesting.

**SO ORDERED**.

Date: 11/21/2023

_Hon. Tanya Walton Pratt, Chief Judge_
United States District Court
Southern District of Indiana

Distribution:

MAQUEL NADIR
930 West 10th Street Apt 1524
Indianapolis, IN 46202


ROWLEY SECURITY
c/o Larry Williams, Jr., its Registered Agent
307 North Odell Street
Brownsburg, IN 46112