UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAQUEL NADIR also known as Maquel Harrell, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-01634-TWP-CSW |
| | ) |
| ROWLEY SECURITY, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND MOTION TO REINSTATE DISMISSED DEFENDANTS**

This matter is before the Court on *pro se* Plaintiff Maquel Nadir, also known as Maquel Harrell's ("Harrell")[1] Motion for Summary Judgment and Motion to Reinstate Larry Williams Jr., Clyde V. Adams, and Donna Wilson to Lawsuit (Dkt. 41). Following Harrell's termination from his employment at Defendant Rowley Security, he initiated this action alleging violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). For the following reasons, Harrell's Motion is **denied without prejudice** with leave to refile at the appropriate stage of these proceedings.

### I.      BACKGROUND

On March 16, 2023, Harrell filled out a fill-in-the-blank complaint of employment discrimination against Rowley Security, Larry Williams, Jr. ("Williams"), Donna Wilson ("Wilson"), Carlton Miller ("Miller"), and Clyde V. Adams ("Adams") (collectively, "Defendants") (Dkt. 1). He alleged that the Defendants discriminated against him because of his religion as a practicing Muslim. *Id.* at 4. The Complaint was filed in the United States District Court for the Northen District of Illinois, Eastern Division. *Id.* at 1. During a telephonic status hearing, the parties represented that all parties reside in the Southern District of Indiana (Dkt. 17). Under the

---

[1] For all entries related to and docketed in this case, Plaintiff will be referred to as Maquel Harrell (*see* Dkts. 35, 36).

discretion afforded to it by 28 U.S.C. § 1404(a), 106(a), the court for the Northern District of Illinois transferred the case to this Court. *See id.*; Dkt. 23.

Prior to transfer, the Complaint was screened and Defendants Williams, Wilson, Miller, and Adams, supervisors with Rowley Security, were all dismissed from the suit pursuant to 28 U.S.C. § 1915(e)(2) (Dkt. 11 at 2). Supervisors cannot be held liable in their individual capacities for discrimination under Title VII. *See Passananti v. Cook Cnty.*, 689 F.3d 655, 677 (7th Cir. 2012). Harrell filed a motion petitioning the judge "for reconsideration and to reverse the decision to dismiss alleged supervisors-Larry Williams Hr. Clyde V Adams" (Dkt. 15). That motion was denied (Dkt. 17).

On January 19, 2024, Rowley Security answered Harrell's Complaint (Dkt. 40). One day later, Harrell filed the instant Motion for Summary Judgment and Motion to Reinstate Williams, Adams, and Wilson (Dkt. 41). On February 11, 2024, Harrell filed a motion requesting leave to file an Amended Complaint. (Dkt. 44).

## II.     LEGAL STANDARDS

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

"However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Accordingly, a court will entertain a motion for reconsideration only

> when the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Nerds on Call, Inc. (Ind.) v. Nerds on Call, Inc. (Cal.)*, 598 F. Supp. 2d 913, 916 (S.D. Ind. 2008) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). Motions for reconsideration "essentially enable[ ] a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). However, a motion for reconsideration should not serve as the occasion to tender new legal theories for the first time. *Publishers Res., Inc.*, 762 F.2d at 561. Whether to grant reconsideration is committed to the sound discretion of the court. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

### III. DISCUSSION

Although *pro se* filings are construed liberally, *pro se* litigants such as Harrell are not exempt from procedural rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "*pro se* litigants are not excused from compliance with procedural rules"); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced").

#### A. Motion for Summary Judgment

Harrell's January 20, 2024, Motion for Summary Judgment is premature. He filed his motion one day after Rowley Security answered the Complaint and before the Court has issued a case management plan. The Court adopted the deadlines in the scheduling Order Setting Case Management Plan (Dkt. 39) on January 30, 2024. The parties have not had the opportunity to make initial disclosures, depose witnesses, or complete discovery. There was insufficient time for the parties to exchange information in this case before Harrell requested a decision on the merits of the claim. In addition, before the time to respond to his summary judgment motion expired, Harrell filed a motion for leave to file an amended complaint. (Dkt. 44). It is premature and inefficient to file a motion for summary judgment knowing well that the opposing party will identify discovery it needs in order to respond to it, thus creating significant and uncertain delays in the briefing schedule. It is premature and inefficient to seek leave to Amend a Complaint after filing a motion for summary judgment. Importantly, Harrell's summary judgment motion fails to comply with the procedural requirements for a motion for summary judgment that are set forth in Local Rule 56.1[2]. Harrell's motion for summary judgment is premature and, if appropriate, may

---

[2] Local Rule 56-1(a) Movant's Obligations. A party seeking summary judgment must file and serve a supporting brief and any evidence (that is not already in the record) that the party relies on to support the motion. The brief must include a section labeled "Statement of Material Facts Not in Dispute" containing the facts: (1) that are potentially determinative of the motion; and (2) as to which the movant contends there is no genuine issue.

be refiled after a ruling on his motion for leave to file an amended complaint and after discovery has been completed, and in compliance with the local rules.

B.     **Motion to Reinstate Wilson, Williams, and Adams**

Harrell's "Motion to Reinstate," is a second motion for reconsideration. Harrell asserts Williams and Adams should not have been dismissed because they are not supervisors at Rowley Security (Dkt. 41 at 3). He also asserts Wilson should not be dismissed because she cannot avoid facing a legal accusation of character defamation. *Id.* at 2.

In Harrell's first motion to reconsider, he sought reinstatement of Williams and Adams arguing that they are "President (CEO) and Operations Manager", respectively, of Rowley Security, (Dkt. 15 at 1). He argued that a CEO and Operations Manager are not supervisors under Title VII. *Id.* The Northern District of Illinois rejected this argument and denied Harrell's motion. Harrell raises the same argument in his second motion. Because Harrell has not presented any newly discovered evidence warranting review, the Court finds no justification to reconsider this issue.

Wilson is brought up for the first time in Harrell's second motion to reconsider. He argues Wilson should be reinstated because supervisors may be held liable for defamation. Although it appears that supervisors could be held liable for defamation, *see Williams v. Lovchik*, 830 F. Supp. 2d 604, 614 (S.D. Ind. 2011), Harrell's Complaint does not allege a defamation claim against Wilson (*see* Dkt. 1 at 1-6). The District Court for the Northern District of Illinois was correct in dismissing Wilson from the case and Harrell has not suggested nor argued that the Court made a manifest error of law in doing so. Accordingly, the Court **denies** Harrell's second motion for reconsideration to reinstate Williams, Adams, and Wilson as defendants.

### IV.     CONCLUSION

For the reasons discussed above, Harrell's Motion for Summary Judgment and to Reinstate Williams, Adams, and Wilson (Dkt. 41) is **DENIED without prejudice**. If Harrell elects to re-file his motion at the appropriate stage of these proceedings, he must comply with Local Rule 7-1 which requires that motions must be filed separately (so he should not combine a summary judgment motion and motion to reconsider in the same filing), and Local Rule 56-1 concerning summary judgment procedure.

**SO ORDERED.**

Date: 2/13/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Maquel Nadir
930 West 10th Street, Apt. 1524
Indianapolis, Indiana  46202

Richard L. Rowley
R. L. ROWLEY & ASSOCIATES, LLC
rlrowley@att.net