UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAQUEL NADIR also known as Maquel Harrell, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:23-cv-01634-TWP-CSW ) |
| ROWLEY SECURITY, | ) ) |
| Defendant. | ) |

**ENTRY ON PLAINTIFF'S MOTION TO REINSTATE CEO LARRY WILLIAMS JR.**

This matter is before the Court on *pro se* Plaintiff Maquel Nadir's, also known as Maquel Harrell ("Harrell")[1] third Motion to Reinstate Larry Williams Jr. ("Williams") Back to the Lawsuit (Dkt. 46). Following Harrell's termination from his employment at Defendant Rowley Security, he initiated this action alleging violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). For the following reasons, the Motion to reinstate Williams is **denied**.

## I.    DISCUSSION

The instant Motion to reinstate is treated as Harrell's third motion for reconsideration. This action originated in the Northern District of Illinois and Harrell brought claims against defendants Larry Jr. Williams, Donna Wilson, Carlton Miller, Clyde Adams, and Rowley Security (Dkt. 1). The action was transferred to this district on September 11, 2023. (Dkt. 23.) Prior to transfer, Defendant Williams[2] was dismissed from the suit pursuant to 28 U.S.C. § 1915(e)(2) (Dkt. 11). The judge in the Northern District determined:

> According to the allegations here, these individuals are all supervisors with the Rowley Security Firm. But supervisors cannot be held liable in their individual

---

[1] For all entries related to and docketed in this case, Plaintiff will be referred to as Maquel Harrell (*see* Filing Nos. 35, 36).

[2] Defendants Wilson, Miller and Adams were also dismissed.

>capacities for discrimination under Title VII. *See Passananti v. Cook County*, 689 F.3d 655, 677 (7th Cir. 2012) (citing *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). Moreover, even if such suits were permitted, any remedy Plaintiff would receive, if he were entitled to such, would be readily available from Rowley Security itself. *See Filec v. Chicago Transit Authority*, 156 F.R.D. 166, 168 (N.D. Ill. 1994).

(Dkt. 11 at 2). Harrell filed a Motion for Reconsideration, asking the Court to reverse the decision to dismiss Williams (Dkt. 15), which was denied (Dkt. 17). In his first motion to reconsider, Harrell sought reinstatement of Williams arguing that he was "President (CEO)" of Rowley Security (Dkt. 15 at 1). He argued that a Chief Executive Officer ("CEO") is not a supervisor under Title VII. *Id.* The Northern District of Illinois rejected this argument and denied Harrell's motion. In Harrell's second motion to reconsider, he advanced the same argument (Dkt. 41). This Court denied Harrell's second motion to reconsider because he had not presented any newly discovered evidence warranting review (Dkt. 45).

In the instant Motion, Harrell asserts that Williams should be reinstated because he is "CEO at Rowley Security Firm" and "has never held a supervisory role at Rowley Security Firm." (Dkt. 46 at 1). Harrell submits a screenshot from Twitter where Williams' business card lists him as President of Rowley Security Firm, (Dkt. 46-1 at 1), and an email from Defendant Rowley Security where defense counsel recognizes Williams as the "President of Rowley Security Firm" (Dkt. 48 at 4). Harrell argues that Williams, a CEO, is not a supervisor.

Harrell is mistaken. A "supervisor" is an employee with power "to take tangible employment actions against the victim," like "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Vance v. Ball State Univ.*, 570 U.S. 421, 429-30 (2013). As CEO, Williams can take various employment actions against his employees. (*See* Dkt. 48 at 4) ("Mr. Williams is anticipated to testify that he authorized the suspension of Mr. Nadir…"). Although Williams may be titled

"president" or "CEO of Rowley Security," the title alone does not negate Williams' supervisory responsibilities. As noted previously, supervisors cannot be held individually liable under Title VII. *Silk v. City of Chi.*, 194 F.3d 788, 797 n. 5 (7th Cir. 1999). Accordingly, the Court **denies** Harrell's third motion for reconsideration to reinstate Williams.

## II.     CONCLUSION

For the reasons discussed above, Harrell's Motion to Reinstate CEO Larry Williams Jr. Back to the Lawsuit ([Dkt. 46](Dkt. 46)) is **DENIED**. Harrell should not file any other motions to reinstate Williams.

**SO ORDERED.**

Date: 2/23/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Maquel Nadir
930 West 10th Street Apt 1524
Indianapolis, Indiana  46202

Richard L. Rowley
R. L. ROWLEY & ASSOCIATES, LLC
rlrowley@att.net