UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAQUEL NADIR, <br> also known as Maquel Harrell <br><br> Harrell, <br><br> v. <br><br> ROWLEY SECURITY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:23-cv-01634-TWP-CSW <br> ) <br> ) <br> ) <br> ) |

**ORDER DENYING THE PARTIES' MOTIONS TO STRIKE**
**AND EXTENDING CERTAIN DEADLINES**

This matter is before the Court on Defendant Rowley Security's ("Defendant") Motion to Strike Plaintiff's Third Motion for Summary Judgment (Dkt. 67), and *pro se* Plaintiff Maquel Nadir, a/k/a Maquel Harrell's[1] ("Harrell") Motion to Strike exhibits (Dkt. 68). Having considered the motions, the Court now finds that both motions to strike should be **denied**. And, in the interest of fairness, the Court *sua sponte* extends certain deadlines.

I.  **DISCUSSION**

Harrell initiated this action in the Northern District of Indiana, alleging religious discrimination and employer retaliation in violation of Title VII of the Civil Rights Act of 1964. (Dkt. 12.) The parties have now filed cross-motions for summary judgment (Dkts. 63, 64), and both ask the Court to strike certain matters. The Court will first address the Defendant's Motion to Strike before turning the Harrell's Motion.

A.  **Defendant's Motion to Strike (Dkt. 67)**

Harrell has submitted to this Court three Motions for Summary Judgment against the Defendant (Dkts. 41, 53, 64). The first two Motions were denied without prejudice to refile,

---

[1] Plaintiff requested, and the Court granted his request, that in all entries related to and docketed in this case, he will be referred to as Maquel Harrell (*see* Dkts. 35, 36).

because the pleadings contained various assertions, but neither met the procedural requirements as stated in this Court's orders directing Harrell to provide both background information and citations and regarding the necessity of *pro se* movants to meet the procedural requirements of Federal Rule of Civil Procedure 65 and Local Rule 56-1 (*see* Dkts. 45, 61).

Defendant asks the Court to strike Harrell's third Motion for Summary Judgment. "The court may strike from a pleading … any redundant … matter." Fed. R. of Proc. 12(f). Defendant asserts that although Harrell has added additional labels to the text of the pending motion, "he has retained the substantive portions and format of the prior two motions for summary judgment filed in this matter." (Dkt. 67-1 at 1.) Defendant asks the Court to strike the third motion for summary judgment, on the basis that it is "redundant," and argues "Plaintiff has again submitted a document that does not reflect the contents required by this court on two prior occasions." (Dkt. 67 at 2.)

A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Harrell's second Motion for Summary Judgment was denied because he failed to comply with his obligations as the movant under Local Rule 56-1. He did not include a brief with a section labeled "Statement of Material Facts Not in Dispute" pursuant to Rule 56- 1(a), and he did not offer appropriate citations to supporting facts pursuant to Rule 56-1(e) (*see* Dkt. 61). However, in his third Motion for Summary Judgment, Harrell has attempted to comply with the Court's instructions. He has designated an introduction, statement of facts, facts undisputed and importantly, pursuant to Fed. R. Civ. P. 56(c)(3), Harrell has cited to pages and exhibits where evidence supporting his statement can be found. (Dkt. 63.) As previously noted, a document filed

*pro se* is to be "liberally construed" and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotation marks omitted). Although it is well established that *pro se* litigants are not excused from compliance with procedural rules, when liberally construing Harrell's third motion for summary judgment, the Court finds it is sufficient, it is not impermissibly redundant, and it need not be stricken. Defendant's motion to strike is therefore **denied**.

B.     **Harrell's Motion to Strike (Dkt. 68 )**

In Defendant's Motion for Summary Judgment and his supporting brief, Defendant cites to evidence in the record (Dkt. 64, 65). Harrell has filed a motion asking the Court to "strike dockets 64 #1, #2, #3, #4 due to the defendants' [sic] failure to provide these documents to the plaintiff during discovery." (Dkt. 68.) Federal Rule of Civil Procedure 56(c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence, but striking the evidence is not the appropriate remedy. In his response brief, Harrell may object to these exhibits, but there is no basis for striking them. If Harrell needs time to conduct additional discovery or secure affidavits to dispute or support his objection to the evidence designated in "dockets 64 #1, #2, #3, #4", he may make that request. Harrell's Motion to Strike certain exhibits is **denied**.

## II.     CONCLUSION

For the reasons set forth above, Defendant's Motion to Strike Plaintiff's Third Motion for Summary Judgment, Dkt. [67], is **DENIED**, and Harrell's Motion to Strike certain designated exhibits, Dkt. [68], is **DENIED**.

Harrell's Motion for Summary Judgment (Dkt. 63) was filed on May 15, 2024. Pursuant to Local Rule 56-1, Defendant's response in opposition is due 28 days after the movant serves the motion—which would have been June 12, 2024. Instead of filing a timely response, Defendant

filed a Motion to Strike on June 15, 2024, after the deadline to respond had expired. In the interest of fairness, the Court will **grant** Defendant leave to file a belated response, if any, by **Monday, July 8, 2024**.

Defendant's Motion for Summary Judgment (cross-motion) was filed on June 13, 2024 (Dkt. 64). Pursuant to Local Rule 56-1, Harrell's response is due by July 11, 2024; however, in the interest of fairness, and the Court's ruling that his motion to strike is denied, the Court will **grant** Harrell an extension of time until **Thursday, July 25, 2024**, to file his response.

**SO ORDERED.**

Date:  7/1/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Maquel Nadir
930 West 10th Street, Apt. 1524
Indianapolis, Indiana  46202

Richard L. Rowley
R. L. ROWLEY & ASSOCIATES, LLC
rlrowley@att.net